UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT WARD GARRISON,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

Case No. C05-5837 FDB/KLS

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY AND FOR SERVICE OF COMPLAINT

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4. Presently before the Court are Plaintiff's motion to extend the discovery deadline (Dkt. # 47[1]) and motion for service (Dkt. # 48). For the reasons set forth below, the Court finds that Plaintiff's motions should be granted.

**I. DISCUSSION**

**A.**    **Extension of Time and Signing of Documents**

Plaintiff's request for additional time to engage in discovery is based, in part, because he has

---

[1] Since the filing of Defendants' response to these motions, Plaintiff has filed a second motion to extend the discovery deadline (Dkt. # 52), noted for February 2, 2007. Because the Court is granting Defendant's request, this motion will be denied as moot.

ORDER - 1

another civil action and a habeas action pending in this Court.  *See* <u>Garrison v. Waddington</u>, C05-5487RJB and <u>Garrison v. Waddington</u>, No. C06-459-TSZ-MJB.  The Court has recently granted Plaintiff an enlargement of time in Case No. 05-5687RJB to respond to a pending summary judgment motion because Department of Corrections regulations allow Plaintiff to have only one box of legal materials in his cell at a time.  The Court finds that a similar order is warranted in this matter.  In addition, it appears that through an oversight in the Court's Order Directing Service, the U.S. Marshal Service was not directed to effect service on the Washington State Department of Corrections and Washington Correction Center (*see* paragraph B below).  Accordingly, the Court will enter an amended scheduling order, to allow sufficient time for service, answer and discovery upon these additional defendants.

However, Plaintiff is advised that no further extensions will be granted unless Plaintiff adheres to the rules.  Thus, Plaintiff must first confer with opposing counsel regarding any discovery issues, including extensions of time, prior to requesting relief from the Court as required by Local Rule 37(a)(2), and Plaintiff must serve all motions on opposing counsel.   Plaintiff must specifically state what discovery he seeks and must diligently pursue discovery.

Additionally, Plaintiff must sign all pleadings and motions that are filed with this Court and served in this action, pursuant to Fed. R. Civ. P. 11.  Plaintiff requests this Court to recognize a power of attorney that he has granted to David Vronay of Vecris Investigations, Inc..  (*See* Dkt. # 52 at p. 8)  Mr. Vronay has not entered an appearance on behalf of Plaintiff and may not act on Plaintiff's behalf in this action.  To this Court's knowledge, Mr. Vronay is not licensed to practice law in the State of Washington and is not on the roll of attorneys admitted to practice before this Court.  Any motions or requests for relief not signed by the Plaintiff himself will be summarily denied by the Court.

**B.**     **Plaintiff's Motion for Service**

Plaintiff requests the Court to direct the U.S. Marshall service to serve Defendant

ORDER - 2

Department of Corrections with the Complaint in this matter. (Dkt. # 48). Defendants do not object, in theory, to Plaintiff's request, although they note that the directive is redundant as they believe the Court has already ordered service. Defendants also note that this motion, like Plaintiff's motion to extend discovery was signed by Mr. Vronay, not the Plaintiff.

Plaintiff is correct that service has not yet been effected. As noted above, through an oversight in the Court's Order Directing Service, the U.S. Marshal's Service was not directed to effect service upon the Washington State Department of Corrections and the Washington Correction Center. It is appropriate that such deficiency should be corrected. Accordingly, the U.S. Marshal Service will be directed to serve these Defendants.

## II.  CONCLUSION

Accordingly, Plaintiff's motions to extend discovery (Dkt. # 47) and to direct service (Dkt. # 48) are **GRANTED** (a separate amended scheduling order shall be entered), and Defendant's second motion for enlargement of time (Dkt. # 52) is **DENIED as moot**.

It is further **ORDERED** that the United States Marshal shall send a copy of the Amended Complaint, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, a copy of this Order, and a return envelope, postage prepaid, addressed to the Clerk's Office, to the Washington Department of Corrections and Washington Correction Center. All costs of service shall be advanced by the United States. The Clerk shall assemble the necessary documents to effect service.

DATED this 2nd day of February, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3