UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT WARD GARRISON,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

Case No. C05-5837 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: June 22, 2007**

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Defendants Washington State Department of Corrections (DOC) and Washington Corrections Center (WCC) move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). After careful review of the motion, Plaintiff's response (Dkt.# 69), Defendants' reply (Dkt. # 70), and Plaintiff's response to Defendants' reply (Dkt. # 72), the undersigned recommends that the motion to dismiss be denied.

## I. STANDARD OF REVIEW

    The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). All material factual

REPORT AND RECOMMENDATION - 1

allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Pena*, 976 F.2d at 471.

Before the Court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987) (district court erred by not notifying *pro se* prisoner litigant of amended complaint's deficiencies and allowing him leave to amend). However, where amendment would be futile or the amended complaint subject to dismissal, leave to amend need not be granted. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## II. DISCUSSION

To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or

REPORT AND RECOMMENDATION - 2

immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Plaintiff alleges that Defendants wrongfully rejected his gift publications because he did not use funds from his prison account, a rejection that is contrary to stated prison regulation. (Dkt. # 10, p. 7-13). Plaintiff alleges that Defendants have failed in their duty to implement the amended publication and subscription mail policy 450.100(VII)(B), in light of *Crofton v. Roy*, 170 F.3d 957 (9th Cir. 1999). (*Id*. at 7). Plaintiff seeks an injunction directing the DOC and its sibling institutions, including the WCC, to cease its "approved vendor only purchase of publications." (*Id*. at 44). Plaintiff also complains of being placed in an unsanitary cell and seeks an injunction directing the DOC clean all IMU, segregation and psychiatric units prior to transferring prisoners. (*Id*. at 17, 44).

Defendants contend that DOC and WCC are not persons under the statute and therefore, enjoy Eleventh Amendment immunity from suit. *See, Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff, however, seeks injunctive relief against Defendants DOC and WCC, (*See* Dkt. # 10) and, therefore, the Eleventh Amendment bar does not apply. *Will*, 491 U.S. at 71; *Armstrong v. Wilson*, 124 F.3d 1019, 1026 (9th Cir. 1997).

In the alternative, Defendants DOC and WCC argue that Plaintiff lacks standing to request a permanent injunction because he pleads only past injuries. (Dkt. # 64). Defendants argue that creating or changing DOC policy regarding the cleaning of cells or changing the preferred vendor list is unnecessary because Plaintiff has not shown any real danger that his cell will not be clean and cannot prove any recently thwarted attempts to obtain publications from his current facility. (*Id*. at

REPORT AND RECOMMENDATION - 3

7). In addition, Defendants argue that any request for injunctive relief against WCC is moot as it is not known whether Plaintiff will ever be returned to that facility. (*Id*.).

Whether due to Plaintiff's conduct or within Defendants' control, cell transfers within a prison or between prisons is a likely occurrence in prison life. Plaintiff has been transferred within and between facilities on numerous occasions. (Dkt. # 64, Exh. 1). Plaintiff has stated that upon any such transfer, he will be subjected to a cell with unsanitary conditions. In addition, and although Plaintiff may encounter difficulties proving damages (*i.e.,* Defendants argue that Plaintiff was ultimately allowed to receive one of the publications and two may not have been on the approved vendor list), Plaintiff has also sufficiently alleged that prison policy bars his receipt of *future* gifts of publications. Therefore, viewing the allegations in the light most favorable to Plaintiff, the undersigned concludes that Plaintiff has sufficiently plead on-going injury to sustain a claim for injunctive relief against DOC and WCC.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Defendants' motion to dismiss (Dkt. # 64) be **DENIED.** A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 22, 2007**, as noted in the caption.

DATED this 25th day of May, 2007.

REPORT AND RECOMMENDATION - 4

1
2
3                                           Karen L. Strombom
4                                           United States Magistrate Judge
5
...
28  REPORT AND RECOMMENDATION - 5