UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT WARD GARRISON,<br><br>             Plaintiff,<br><br>       v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>             Defendants. | Case No. C05-5837 FDB/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND DIRECTING PARTIES TO CONFER |

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b) and Local MJR 3 and 4.   Before the Court are Plaintiff's motion to compel (Dkt. # 86) and motion for extension to complete discovery (Dkt. # 87).   Plaintiff's motions do not identify the discovery he seeks to compel, did not explain why an extension is necessary, and do not include a certification that he has in good faith conferred with opposing counsel as required by Fed. R. Civ. P. 37(a)(2)(B).

After Defendants opposed Plaintiff's motions (Dkt. # 89), Plaintiff identified his specific discovery requests and states that he needs more time to pursue his motion to compel.  Plaintiff also states that he has attempted to meet and confer with counsel, but that such attempts are limited, in part, by his inability to contact counsel in any way other than by writing and requesting a

ORDER  1

conference. (Dkt. # 94). Plaintiff also complains that attempts to confer with opposing counsel are futile.

## II.  DISCUSSION

Plaintiff is not relieved of his burden to confer with opposing counsel prior to bringing a discovery motion despite his belief that any attempt to do so will be futile. A party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby." Fed. R. Civ. P." 37(a). The motion also "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A).

Here, in addition to omitting the good faith attempt to confer, Plaintiff did not put Defendants on proper notice by the filing of his motion because the motion itself did not identify exactly what discovery he was seeking to have the Court compel from them. It was not until the filing of his reply (Dkt. # 94), that Plaintiff identified the discovery he seeks. This is not sufficient notice.

However, now that the documents have been properly identified, the parties must confer and make a good faith effort to resolve this discovery dispute. The Court anticipates that they will do so and directs defense counsel to have a telephonic conference with the Plaintiff no later than August 24, 2007. If they cannot amicably resolve this issue, Plaintiff may file a motion to compel, and shall include a certification stating that their efforts were unsuccessful, and shall identify those areas of disagreement that remain unresolved.

The Court also finds that the discovery deadline shall be extended for an additional sixty days for the limited purpose of resolving the questions surrounding production of those documents identified by Plaintiff in Dkt. # 94.

ORDER  2

## II.  CONCLUSION

Accordingly, it is **ORDERED**:

(1) Plaintiff's motion to compel (Dkt. # 86) is **DENIED**;

(2) The parties are directed to confer **and defense counsel shall have a telephonic conference with Plaintiff no later than August 24, 2007, as required by Local Rule CR 37(a)(2)(A);**

(3) The discovery deadline is extended until **October 10, 2007**, as set forth in the Third Amended Pretrial Scheduling Order;

(4) The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this  13th  day of August, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER  3