UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT WARD GARRISON,

    Plaintiff,

    v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

Case No. C05-5837 FDB/KLS

ORDER DENYING PLAINTIFF'S
MOTION FOR SANCTIONS AND
FOR DAMAGES

Before the Court is Plaintiff's Motion for Sanctions and Nominal Damages for Fraudulent Conveyance of Known False Documents During Discovery. (Dkt. # 85). After review of Plaintiff's motion, Defendants' response (Dkt. # 92), Plaintiff's reply (Dkt. # 95), and the balance of the record, the Court finds that Plaintiff's motion should be denied.

**II. DISCUSSION**

Plaintiff requested that Defendants produce a copy of the "WCC approved vendor list from January through July of 2003." (Dkt. # 92, Exh. 1; Dkt. # 95, Exh. 1 at 7). On April 13, 2007, Defendant Edwards provided his objection and response, stating: "Without waiving the above

ORDER - 1

objections, attached is a copy of the WCC Approved Book Vendors, which is an attachment from the Field Instruction WCC 440.000, Personal Property for Offenders, effective date 01/31/03, labeled DEFS – 101 and a copy of the WCC Approved Vendors for the Offender Betterment Fund, however it does not have a date on it so I can not be sure it was the vendor list from January through July 2003, labeled DEFS – 102." (*Id*.). Plaintiff was provided with two vendor lists, as the response indicated. (*Id*.)

Plaintiff is now seeking to have sanctions imposed against Defendants. (Dkt # 85). Plaintiff claims that Defendants are guilty of unethical conduct. (*Id*.). That they have provided a known "false 'vendor-list'" which Plaintiff believes "Defendants chose to manufacture" in order to appear to comply with *Crofton v. Roe*, 170 F.3d 857 (9th Cir. 1999). (*Id*. at 3).

Defendants respond that they have not violated any court order, that Defendant Edwards provided the documents he had in his possession and that they have not engaged in any fraudulent acts in responding to Plaintiff's request.[1]

Plaintiff's claims of fraud as to Defendants' production of the vendor lists relate to his claim that the DOC amended is publication mail policy (450.100 (VII)(B)) to permit prisoners to receive gift publications from "any party" other than other offenders, or friends and family of unrelated offenders, consistent with the opinion in *Crofton v. Roe*. (Dkt. # 10 at 7-8). Plaintiff further alleges that DOC failed to require all of its institutions to implement the new policy and in the month of

---

[1] Defendants also argue that Plaintiff's motion should be denied because he failed to confer with opposing counsel and did not file a motion to compel, the normal procedure to be followed by a party seeking to enforce discovery. The Court does not read Plaintiff's motion as one to compel production, but as effectively placing Defendants on notice that Plaintiff believes they have engaged in sanctionable litigation conduct. As Defendants have had an opportunity to respond, the Court reviews Plaintiff's motion on the merits and concludes that, while the lists produced by Defendants may raise questions of fact, there is no evidence of wrongful conduct sufficient to warrant sanctions.

ORDER - 2

February of 2003, three or more gift publications for Plaintiff which were not purchased with Plaintiff's funds from his own account (before he was transferred from Stafford Creek Corrections Center (SCCC)) were rejected by the WCC mailroom. The rejections were for the Plaintiff not using his own funds to purchase the publications. (*Id.*) After Plaintiff grieved the mail rejections, an exception for one publication was made from the policy which required him to purchase the publications with his own funds. (*Id.* at 10; Dkt # 95, Exh. 4).

In response to Plaintiff's request for production of the WCC approved vendor lists in effect from January through July of 2003, Defendants provided Plaintiff with two lists, one which Defendants state has an effective date of January 31, 2003 (Defendants Exhibit 101) and one which is undated. (Dkt. # 95, Exh. 1 at p 7, Exh. 2, 3). Exhibit 101 states that family and friends may purchase publications on behalf of inmates; Exhibit 102 states that an inmate must purchase the publications from his own account. (*Id.*) Plaintiff states that the actual policy in effect in February 2003 is set forth in Exhibit 2 to Dkt. # 85, which is not the same policy set forth in Exhibit 101.

Plaintiff claims that Exhibit 101 has been manufactured by Defendants to give the appearance now that they were in compliance with *Crofton v. Roe* during the time period at issue as they were obviously not enforcing that policy when they were dealing with Plaintiff at the time they issued his mail rejections. (Dkt. # 85; 95). Defendants respond that Defendant Edwards has provided the documents in his possession response to Plaintiff's request and notified Plaintiff that the date of Exhibit 102 was unknown.

Plaintiff may be correct that the appearance of a written policy different from the one provided to him at the time of his grievance raises a question of fact and possible witness impeachment material. These are issues which he may raise at a later time in this litigation. However, there is no evidence presented here upon which this Court may conclude that the

ORDER - 3

1  document was manufactured, or tampered with or produced in bad faith.

2      Accordingly, for the reasons stated above, Plaintiff's motion for sanctions and nominal

3  damages (Dkt. # 85) is **DENIED**.   The Clerk is directed to send copies of this Order to Plaintiff and

4  counsel for Defendants.

    DATED this  15th  day of August, 2007.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

ORDER - 4