UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT WARD GARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. C05-5837 FDB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR: December 28, 2007** |

Presently before the Court is Plaintiff's Motion for Class Action Certification on Count I and on the injunctive relief sought in Count III of his Amended Complaint (Dkt. # 106). Defendants oppose the motion. (Dkt. # 107). For the reasons set forth below, the undersigned recommends that the motion be denied.

**I. DISCUSSION**

In Count I of his Amended Complaint, Plaintiff alleges that Defendants violated his First and Fourteenth Amendment rights when they wrongfully rejected his gift publications. (Dkt. # 10, pp. 7-13). Plaintiff's allegations in Count I relate to DOC's amendment of its publication mail policy (450.100 (VII)(B)) to permit prisoners to receive gift publications from "any party" other than other offenders, or friends and family of unrelated offenders, consistent with the opinion in

REPORT AND RECOMMENDATION - 1

*Crofton v. Roe*, 170 F.3d 957 (9th Cir. 1999). (Dkt. # 10 at 7-8). Plaintiff alleges that DOC failed to require all of its institutions to implement the new policy and in the month of February of 2003, three or more gift publications for Plaintiff which were not purchased with Plaintiff's funds from his own account (before he was transferred from Stafford Creek Corrections Center (SCCC)) were rejected by the Washington Corrections Center's (WCC) mail room. The rejections were for Plaintiff not using his own funds to purchase the publications. (*Id.*) After Plaintiff grieved the mail rejections, an exception for one publication was made from the policy which required him to purchase the publications with his own funds. (*Id.* at 10; Dkt # 95, Exh. 4).

Plaintiff argues that he has properly stated a class action for Count I because he has plead that WCC's vendor only policy imposed an unreasonable burden on the "friends and family" of its "prisoners", that said policy denied the First Amendment rights of the WCC "prisoner population", that Defendant Porter maintained and enforced the unlawful policy "requiring prisoners" to use their own funds, that Defendant McIntrye had deliberate indifference to "Plaintiffs' rights", and that WCC's policy censors all speech that is not purchased from approved vendors using funds only from the "inmates' trust account." (Dkt. # 10, ¶¶ 35-40). Plaintiff argues further that he sought relief for this entire class of prisoners in Paragraphs 134, 134(a)(2) and 134(B)(1) of his Amended Complaint, when he requested an injunction ordering the Defendants to cause all of its detention facilities to cease the unlawful policy and give notice to every state prisoner. (Dkt. # 106, pp. 2-3).

As to Count III of his Amended Complaint, Plaintiff alleges that he was placed in an unsanitary Intensive Management Unit (IMU) in violation of his Eighth Amendment rights. (Dkt. # 10, pp. 17-34). Plaintiff argues that he sought relief for "all prisoners" entering such special housing units, when he included a request for an injunction "that said policy . . . take effect at all state facilities where DOC 'prisoners' are housed . . . ". (Dkt. # 10, ¶ 134(A)(1). Plaintiff claims that through discovery in this case, he has discovered at least one other prisoner who was denied food if he did not clean his cell. (Dkt. # 106, p. 4).

REPORT AND RECOMMENDATION - 2

1    Defendants argue that Plaintiff is not entitled to class certification because he has failed to
2 meet the stringent prerequisites for class certification of Rule 23 of the Federal Rules of Civil
3 Procedure. (Dkt. # 107).

**A.      Prerequisites for Class Certification Under Rule 23(a)**

Plaintiff attempts to bring Count I on behalf of himself and all DOC inmates based on his allegation that WCC's vendor policy imposes an unreasonable burden on all prisoners. (Dkt. # 106, p. 2). Plaintiff attempts to bring Count III on behalf of himself and "all prisoners" entering a special housing unit. Plaintiff points to one other unnamed inmate, whom he claims was made to go without food or medication until he cleaned his cell. (*Id.*, p. 3).

Plaintiff is entitled to class certification only if (1) the class proposed is so numerous that joinder is impractical, (2) there are questions of law or fact common to all class members, (3) Plaintiff's claims are typical of those of the class, and (4) Plaintiff can adequately protect the interests of the class. Fed. R. Civ.P. 23(a). After careful review of the parties' papers, the undersigned concludes that Plaintiff has not met the requirements for class certification.

**1.      Number of Proposed Class.**  Although the number of the proposed class – all prisoners in the DOC – would appear so numerous that it is impractical to join them in an appropriately pleaded case, Plaintiff has not identified the members of his class except for one other WCC prisoner who he alleges was made to go without food and medicine until he cleaned his cell. (*Id.*, p. 3). Indeed, Plaintiff admits that he does not know the number of prisoners affected by the policies at issue, the extent of their combined injuries, nor an amount of damages to compensate their injuries. (*Id.*). Therefore, Plaintiff cannot satisfy the first prerequisite of Rule 23(a) nor is it possible for Plaintiff to satisfy the second prerequisite – that there are questions of law or fact common to all class members.

**2.      Commons Questions of Law or Fact.**  By way of example, Plaintiff's gift publications were ordered before his transfer to WCC and after he grieved the mail rejections by the

REPORT AND RECOMMENDATION - 3

WCC mailroom, an exception for one publication was made from the policy which required him to purchase the publications with his own funds. (Dkt. # 10 at 10; Dkt # 95, Exh. 4). This is just one of any number of factual and/or legal scenarios that could exist for the unknown prospective class members who may also have been affected by WCC's vendor only policy. Accordingly, it is essential that each of these potential claims would have to first be examined on a case-by-case basis to determine the validity of the underlying claims and to determine whether each member has availed himself of available remedies. *See, e.g., Booth v. Churner*, 532 U.S. 731, 739 (2001) (42 U.S.C. § 1997e(a)) requires that no action shall be brought with respect to prison conditions under Section 1983 by a prisoner until such administrative remedies as are available are exhausted).

**3.  Plaintiff's Claims Typical of Class.**  As noted above, it is impossible to determine whether Plaintiff's claims are typical of any other prisoner who may have been affected by the policies at issue.

**4.  Fair and Adequate Representation.**  Finally, as a pro se plaintiff, Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Fed.R. Civ.P. 23(a)(4). *See Oxedine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(plain error to permit imprisoned litigant, unassisted by counsel, to represent fellow inmates in a class action). Although a non-attorney may appear pro se on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Also, "[e]very court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." *Caputo v. Fauver*, 800 F.Supp. 168, 170 (D.N.J. 1992) *aff'd without op*., 995 F.2d 216 (3rd Cir. 1993). *See also, Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *Smith v. University of Washington*, 2 F.Supp.2d 1324, 1343 (W.D. Wash. 1998) (the representative parties must appear able to prosecute the action vigorously through qualified counsel). Plaintiff is not qualified to pursue the claims as a class action on behalf of other inmates nor is he able to adequately protect their interests. Therefore, to the extent Plaintiff

REPORT AND RECOMMENDATION - 4

intends to represent other parties in a class action suit under Fed.R.Civ.P. 23, he may not do so.

**B.     Additional Requirements of Class Certification Under Rule 23(b)**

In addition to the prerequisites of Rule 23(a), class certification will be granted only if:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

    A)  inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

    B)  adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b).

Plaintiff has failed to demonstrate that his case should be certified as a class under Rule 23(b). There is no question that subparagraphs (1)(A)(B) and (2) are not met or do not apply. There is no evidence that denial of the class will result in inconsistent adjudications, resulting in incompatible standards of conduct for Defendants. There is also no evidence that the interests of the non-party class members will be impaired or impeded if this action continues an individual action.         Under subparagraph (3), the class must demonstrate that common questions predominate over questions affecting only individual members and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. *Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1022 (9th Cir. 1998). The mere presence of commonality is insufficient to establish the predominance of common questions. *Id.* Nevertheless, when common

REPORT AND RECOMMENDATION - 5

questions present a significant aspect of the case and they can be resolved for all class members in a single adjudication, the court is justified in handling the dispute on a representative rather than on an individual basis. *Id*.

Plaintiff's proposed class consists of himself, one prisoner in C Tier (Dkt. # 106, p 3), all prisoners in DOC who may or may not have been affected by WCC's vendor only policy and all prisoners entering an unsanitary special housing unit. However, Plaintiff has failed to identify the class members or their claims and has failed to demonstrate that any of these prospective class members have exhausted their administrative remedies. Plaintiff has also failed to demonstrate that proceeding by way of a class action is superior to other methods of administrative remedies and personal restraint actions available to the prospective class members.

## II.  CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for class certification (Dkt. # 106) be **DENIED**. A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 28, 2007**, as noted in the caption.

DATED this 4th day of December, 2007.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6