UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT WARD GARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. C05-5837 FDB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR: January 11, 2008** |

Presently before the Court is Plaintiff's "Motion for Nominal Sanctions and for Temporary Restraining Order". (Dkt. # 116). Having carefully reviewed the motion, Defendants' objection (Dkt. # 118), and balance of the record, the undersigned recommends that Plaintiff's motion be denied.

## I.  FACTUAL BACKGROUND AND RELIEF REQUESTED

Plaintiff requests a temporary restraining order directing Defendant Department of Corrections (DOC) to have all vacated special housing unit cells cleaned by certified professionals supervised by an officer not assigned to a duty shift in the special housing unit "as they are

REPORT AND RECOMMENDATION - 1

motivated by the job getting done as quickly as it can, rather then [sic] thoroughly, so they can resume their on-duty not performing any task shift time." (Dkt. # 116, p. 1). Plaintiff also requests that sanctions in the amount of $1,500.00 be assessed against Defendants for falsely representing to the Court that Plaintiff is not at risk for being housed in a dirty cell. (*Id*., p. 8).

Plaintiff is in the custody of the DOC at the Washington State Penitentiary in the Intensive Management Unit (IMU). (Dkt. # 118, Exh. 1, Attach. A, p. 1). Plaintiff was incarcerated at the Washington Corrections Center (WCC) at the time of the events alleged in his Amended Complaint. (Dkt. # 10). At issue in this motion are Plaintiff's allegations that he was placed in an unsanitary cell. (*Id*., p. 17). Plaintiff admits that he was denied the opportunity to clean his cell because he "papered" his window with kites. (*Id*., p. 20). He also smeared his cell with his own feces. (*Id*., p. 22).

Plaintiff alleges that he has been transferred and assigned eleven different special housing cells which did not have their surfaces cleaned and disinfected. (Dkt. # 116, p. 2). For purposes of this motion, Plaintiff utilizes his own scale of 0.01 to 10.00 to rate the cleanliness of a cell. Plaintiff describes the scale rating as 10 being a "hospital's operating room and 0.01 being the inside of a septic-tank after being pumped empty." (*Id*.). For example, Plaintiff states that he was transferred on October 29, 2007 to a cell with a scale rating of 8.5 and on November 1, 2007 to a cell with a rating of 2.65.

Plaintiff further alleges that he witnessed a cell transfer in which the porter's cleaning was not properly observed by a Correction Officer and which was performed in mere seconds. (*Id*., p. 3). Plaintiff also alleges that WSP's SEG/IMU Units have no proper training classes to learn how to correctly clean cells and showers and that cleaning jobs are assigned to any Level IV prisoner on the tier or pod. (*Id*., p. 5).

REPORT AND RECOMMENDATION - 2

Plaintiff also alleges to have contracted a sickness from the IMU cells, including a runny nose and red dots on his legs, arms, chest and back, which he did not have prior to be housed in the IMU. (*Id.*, pp. 8).

**A.     Standard for Prospective Relief**

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). This holding applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85, 107 S. Ct. 2254 (1987). "Prison administration is, moreover, a task that has been committed to the responsibility of those [executive and legislative] branches and separation of powers concerns counsels a policy of judicial restraint. Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities." Id.

In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." *Johnson v. California State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.

REPORT AND RECOMMENDATION - 3

1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." *Funds for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Cassim*, 824 F.2d at 795. Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id.* at 795. Under either test, Plaintiff fails to carry his burden to obtain preliminary injunctive relief in this case.

**B.     Plaintiff Lacks Standing and Fails to Show Irreparable Harm**

Persons seeking to invoke the power of the federal courts must allege an actual case or controversy in order to have standing.  A plaintiff must allege some threatened or actual injury before a federal court may assume jurisdiction. U.S.C.A. Constitution, Article III § 1:
Past exposure to alleged illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing present adverse effects. *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S. Ct. 669, 676, 38 L. Ed. 2d 674 (1974).  In addition, past exposure to alleged harm is largely irrelevant when analyzing claims of standing for injunctive relief that are predicated upon threats of future harm. *Nelsen v. King County*, 895 F.2d 1248 (9th Cir. 1990). The burden of showing a likelihood of reoccurrence is firmly placed upon the Plaintiff. *Nelsen*, at 1251.

A plaintiff may not speculate or rely on conjecture. *Nelsen*, 895 F.2d at 1252-53 (quoting

REPORT AND RECOMMENDATION - 4

*Los Angeles v. Lyons*, 461 U.S. 95 (1981) and *O'Shea, supra*).  Indeed, the basic prerequisite for standing when a person seeks equitable relief is the real and immediate danger of irreparable injury and a lack of adequate remedy at law. *Lyons*, 461 U.S. at 103.

Plaintiff seeks an order requiring DOC to have certified professionals instructed to clean all cell surfaces in all special housing units for all DOC inmates.  This request is beyond the scope of Plaintiff's claims in this lawsuit.  Although Plaintiff sought class certification, the undersigned has recommended denial of that motion on the grounds, *inter alia,* that Plaintiff has no standing to seek a remedy on behalf of all DOC inmates.  (Dkt. # 122).  In addition, Plaintiff's "scale" by which he rates the cleanliness of cells is merely speculative and based on his subjective observations.  The Court has no standard or common criteria upon which to judge the scale or Plaintiff's observations.

As to his claims of sickness, Plaintiff has provided no supporting documentation that his runny nose or red dots are actually linked to the cleanliness of his cell.  Plaintiff has offered no evidence that he has sought medical attention.

As Plaintiff has not shown and cannot show immediate threat of irreparable injury, the undersigned recommends that his claim for injunctive relief should be denied.

**C.      Plaintiff Has Not Shown That He Is Likely To Succeed On the Merits Of His Case**

It is only "the unnecessary and wanton infliction of pain . . . [which] constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986), citing *Ingram v. Wright*, 430 U.S. 651 (1977). "[I]f a particular condition or restriction . . . is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" 441 U.S. at 539. "[T]he effective management of a detention facility . . . is a valid objective that may justify imposition of conditions" that are discomforting and restrictive, without the inference that such restrictions are intended as punishment. *Id*. at 540.

REPORT AND RECOMMENDATION - 5

Moreover, "[it] is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). A temporary condition, with no medical effects, does not rise to the level of an Eighth Amendment claim. *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).

The objective component of an Eighth Amendment claim requires that the deprivation must be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "[O]nly those deprivations denying "the minimal civilized measure of life"s necessities". . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The subjective component relates to the defendant's state of mind, and requires deliberate indifference. *Farmer*, 511 U.S. at 833. The subjective prong or second requirement that must be shown before an Eighth Amendment violation can be found is that the prison official must have a "sufficiently culpable state of mind." *Id*. "To be cruel and unusual, a punishment must involve more than an ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319, (1986). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 833, citing *Wilson*, 501 U.S. at 302-303 (other citations omitted).

Plaintiff has not shown that he is likely to succeed on the merits of his case. Although he alleges that the cells at WCC are not properly clean as judged against his own scale, there is nothing in the record to support Plaintiff's allegations.[1]

---

[1] Defendants refer to uncontested evidence that DOC properly cleans its cells which they filed in support of their motion for summary judgment. (Dkt. 97, Exh. 2). That motion is not the subject of this report and recommendation. However, the Court notes that Plaintiff has not yet filed

REPORT AND RECOMMENDATION - 6

As Plaintiff has not shown that he is likely to succeed on the merits of his claims, the undersigned recommends that the injunctive relief he seeks may be denied on that basis as well.

**D.   Plaintiff Has Not Shown That the Balance Of Potential Harm Favors The Moving Party**

Plaintiff has failed to show how being granted a preliminary injunction would be in the public interest or that the balance of potential harms favors him.  Defendants concede that there is a health interest in providing clean cells for offenders. (Dkt. # 118).  However, Plaintiff has provided no evidence that the cells are not properly cleaned or that any offenders' health is at risk.  It is clear that he disagrees with the cleaning methods used at WCC, but his unsupported and subjective observations are not sufficient to support the extraordinary relief he seeks.  Plaintiff's request for relief must be weighed against various safety and security risks which may arise from his suggestion of using staff from other areas of the prison.  His request must also be weighed against the increased cost for staff training in cleaning cells instead of utilizing inmate labor.

As Plaintiff has failed to show how the balance of potential harm favors his request for preliminary relief, the undersigned recommends that his motion be denied.

**E.   Nominal Sanctions**

There is no basis for Plaintiff's claim that the Court should assess nominal damages against Defendants.  Plaintiff has provided no authority or evidence to support such a claim and the undersigned recommends that such request be denied.

## II. CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's motion for preliminary injunction (Dkt. # 116) be **DENIED**.  A proposed order accompanies this Report and

---

a response to that motion nor provided controverting evidence with this motion.

REPORT AND RECOMMENDATION - 7

Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 11, 2008**, as noted in the caption.

DATED this 13th day of December, 2007.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8