UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT WARD GARRISON,

        Plaintiff,

   v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,

        Defendants.

Case No. C05-5837 FDB/KLS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Before the Court are Plaintiff's motion to compel (Dkt. # 109). Having reviewed the motion, Defendants' response (Dkt. # 112) and the balance of the record, the Court finds that the motion should be denied as Plaintiff has failed to include a certification that he has in good faith conferred with opposing counsel as required by Fed. R. Civ. P. 37(a)(2)(B).

**II. DISCUSSION**

Plaintiff previously filed a motion to compel and for sanctions, which was denied because he failed to properly meet and confer regarding his discovery issues. (Dkt. # 99). However, the Court allowed Plaintiff time to meet and confer with the Defendants' counsel by August 24, 2007. (*Id.*) According to defense counsel, the parties met and conferred on August 24, 2007. (Dkt. # 112,

ORDER  1

Exh. 1). Plaintiff sent defense counsel a letter further clarifying his discovery issues on September 25, 2007. (Dkt. # 104). Defendants submitted a supplemental response with a letter explaining the response on October 11, 2007. (Dkt. # 112, Exh. 1, Attachment A). Defendants also produced an additional 214 pages of documents. (*Id.*).

On October 15, 2007, Plaintiff mailed this motion to compel, complaining that he needs the materials requested in his September 25, 2007 notice to properly respond to Defendants' motion for summary judgment. In addition, Plaintiff requests a copy of the Court's ruling on Defendants' motion to dismiss, which Plaintiff claims he has not received. (Dkt. # 109).

Before a party may bring a motion to compel discovery, they need to make good faith effort to meet and confer regarding the outstanding discovery at issue. Fed. R. Civ. P. 37(2)(b). The motion must include a certification stating as much. *Id*. This is to allow the parties to address discovery issues prior to getting the Court involved. *Id*. Plaintiff was previously reminded of this obligation:

> Plaintiff is advised that no further extensions will be granted unless Plaintiff adheres to the rules. Thus, Plaintiff must first confer with opposing counsel regarding any discovery issues, including extensions of time, prior to requesting relief from the Court as required by Local Rule 37(a)(2)…Plaintiff must specifically state what discovery he seeks and must diligently pursue discovery.

(Dkt. # 56, p. 2).

As Plaintiff has made no attempts to contact Defendants' counsel to discuss any discovery issues he may have with Defendants' response, and has failed to abide by Local Rule 37(a)(2) to detail his good faith efforts to meet and confer in a certification in his motion, the Court finds that his motion to compel should be denied.[1]

---

[1] Additionally, it appears that Plaintiff's motion may be premature as Plaintiff mailed his motion to compel on October 15, 2007, ten business days after the Defendants received the Plaintiff's letter of clarification. (Dkt. # 112, Exh. 1). Defendants' counsel mailed the letter and

ORDER  2

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to compel (Dkt. # 109) is **DENIED**;

(2) The Clerk of the Court shall send a copy of the Court's Order (Dkt. #91) to the Plaintiff and a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this  13th  day of December, 2007.

Karen L. Strombom
United States Magistrate Judge

---

discovery documents on October 11, 2007. (*Id*.) Therefore, it is possible that Plaintiff's motion to compel and the Defendants' responses to his discovery letter crossed in the mail.

ORDER  3